IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANGEL M. SAEZ, #118314                                                PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 4:10-cv-47-HTW-LRA

DALE CASKEY, et al.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court, *sua sponte*, for consideration of dismissal. Plaintiff filed this complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On March 30, 2010, an order [4] was entered in this action directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff was warned in this Court's order [4] of March 30, 2010, that failure to advise this Court of a change of address or failure to timely comply any order of this Court may lead to the dismissal of his complaint. On April 13, 2010, the envelope [5] containing this Court's order [4] was returned by the postal service with the notation "return to sender". The Plaintiff failed to comply this Court's order [4].

On May 27, 2010, this Court entered an order [6] directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order [4] of March 30, 2010. In addition, Plaintiff was directed to comply with this Court's order [4] of March 30, 2010, on or before June 17, 2010. Plaintiff was warned in this Court's order [6] of May 27, 2010, that failure to advise this Court of a change of address or failure to timely comply with any order of this Court may lead to the dismissal of his complaint. Plaintiff failed to comply with this order [6].

On July 2, 2010, this Court entered a second order [7] directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [4, 6] of March 30, 2010, and May 27, 2010. In addition, Plaintiff was directed to comply with the March 30, 2010, order [4] on or before July 23, 2010. Plaintiff was warned in this Court's order [7] of July 2, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. Plaintiff failed to comply with this order [7].

On July 16, 2010, the envelope [8] containing this Court's order [6] was returned by the postal service with the notation "return to sender". As such, out of an abundance of caution, on July 19, 2010, the Court directed the Clerk, by order [9], to mail a copy of this Court's orders [4, 6 & 7] to Plaintiff at the address listed on the docket, which is the street address of East Mississippi Correctional Facility, as opposed to the post office box address of East Mississippi Correctional Facility. Plaintiff was warned in this Court's order [9] of July 19, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. Subsequently, on July 26, 2010, the envelope [10] containing this Court's order [7] was returned by the postal service with the notation "return to sender". However, the Court finds that the order [9] of July 19, 2010, has not been returned.

Plaintiff has failed to comply with four Court orders and has not contacted this Court since March 30, 2010. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash*

*R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 30th day of August, 2010.

                                                s/ HENRY T. WINGATE
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

Civil Action No. 4:10-cv-47 HTW-LRA
Memorandum Opinion